ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **DOMINGO ARTURO QUILES ROSADO**<br><br>Peticionario<br><br>v.<br><br>**SUCESIÓN CÉSAR VÁZQUEZ NAVARRO**<br><br>Recurrido | KLCE202400022 | **CERTIORARI**<br>procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.:<br>**SJ2022CV06536**<br><br>Sobre:<br>Cobro de dinero<br>Ordinario |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente.

### RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de enero de 2024.

Comparece por derecho propio el señor Domingo Arturo Quiles Rosado (señor Quiles Rosado o parte peticionaria) y solicita nuestra intervención, a los fines de que dejemos sin efecto la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 23 de octubre de 2023. Mediante la aludida determinación, el foro primario declaró *Ha Lugar* la *Moción de Prórroga* instada por la representación legal de la parte recurrida para contestar ciertos requerimientos de admisiones.

Por los fundamentos expuestos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

### I.

Según surge del expediente, el 20 de julio de 2022, el señor Quiles Rosado incoó una acción sobre incumplimiento de contrato de servicios profesionales y cobro de dinero contra la Sucesión de César Vázquez Navarro, compuesta por César, Iván, Javier, y Johan Davis, de apellidos Vázquez Morales, así como Celinda Haydeé

Morales Figueroa, General Builders Construction Corporation y Bosque del Plata Development Corporation (parte recurrida). Contestada la demanda por todos los miembros de la Sucesión, el **18 de septiembre de 2023**, el señor Quiles Rosado le remitió a cada uno de sus componentes un documento intitulado *Requerimiento de Admisiones*.

En respuesta a lo anterior, el **9 de octubre de 2023**, la representación legal de la Sucesión instó una *Moción de Prórroga*. Detalló que recibió los requerimientos de admisiones enviados por el señor Quiles Rosado entre el **19 y 20 de septiembre de 2023**. Fundamentándose en razones de salud de su hija, esgrimió que se le dificultó reunirse con sus representados en referencia a los requerimientos de admisiones, por lo que solicitó al TPI que le concediera un término adicional de 10 días para contestarlos. Argumentó que la petición se justificaba y se hacía de buena fe, por motivos ajenos a su control, y que esta no ocasionaba dilaciones en el caso, debido a que el descubrimiento de prueba estaba en sus inicios.

Por su parte, el señor Quiles Rosado se opuso a la moción de prórroga. Arguyó que la situación de salud que atravesó la hija de la abogada de la Sucesión no alcanzó la magnitud del criterio de justa causa necesario para determinar que hubo una base razonable para la dilación en contestar los requerimientos de admisiones. Añadió que dicha explicación era vaga y estereotipada, la cual no tuvo el efecto de provocar impedimento de clase alguna para contestar los aludidos documentos. Asimismo, adujo que la moción concernida no cumplió con el requisito de incluir la evidencia necesaria para sustentar las aseveraciones contenidas en ésta. Por último, alegó que el foro primario estaba impedido de prorrogar el término de 20 días establecido en la Regla 33 de Procedimiento Civil, *infra*, por lo que procedía denegar la solicitud de la Sucesión y dar por admitidos

los requerimientos de admisiones por haber transcurrido más del término desde que fueron notificados sin ser respondidos.

Mediante *Orden* emitida y notificada el 23 de octubre de 2023, el TPI concedió la prórroga solicitada por la representación legal de la Sucesión. Otorgó hasta el 24 de octubre de 2023 para contestar los requerimientos de admisiones.

El 24 de octubre de 2023, la abogada de la Sucesión notificó al tribunal de instancia que, en dicha fecha, se le remitió al señor Quiles Rosado las respectivas contestaciones a los requerimientos de admisiones debidamente juramentados. Por medio de una *Orden* emitida ese mismo día, el TPI tomó conocimiento de lo anterior.

En desacuerdo, el 7 de noviembre de 2023, el señor Quiles Rosado presentó una *Moción de Reconsideración*, pero la misma fue declarada *no ha lugar* por el Tribunal de Primera Instancia. Aun inconforme, este comparece ante nos y alega que el TPI cometió el siguiente error:

> Erró el Tribunal de Instancia e incurrió en un abuso de discreción al conceder a la Sucesión una prórroga para contestar un requerimiento de admisiones sin que su representación legal mostrara justa causa y solo adujera razones estereotipadas sin ofrecer prueba concreta alguna y negarse a dar por admitidos los requerimientos de admisión (sic).

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...".[1] Ante ello, prescindimos de la comparecencia de la parte recurrida.

---

[1] 4 LPRA Ap. XXII-B, R. 7 (B)(5).

**II.**

A.

El auto de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR__(2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *León v. Rest. El Tropical,* 154 DPR 249 (2001). Su expedición está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019). A esos efectos, dicha Regla dispone —en lo concerniente— lo siguiente:

> El recurso de *certiorari*, para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, **solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.** No obstante, y **por excepción** a lo dispuesto anteriormente, el Tribunal de Apelaciones **podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.** Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

(Énfasis nuestro). Regla 52.1 de Procedimiento Civil, supra.

Por otro lado, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

B.

Uno de los instrumentos con los que cuentan las partes litigantes para delimitar las controversias del pleito y con ello promover la solución expedita de los procedimientos es el requerimiento de admisiones. *Rivera Prudencio v. Mun. de San Juan,* 170 DPR 149, 171 (2007)*; Audiovisual Lang v. Sist. Est. Natal Hnos.,* 144 DPR 563, 573-574 (1997). El mismo se encuentra regulado por la Regla 33 de Procedimiento Civil, 32 LPRA Ap. V, R. 33. Esta dispone lo siguiente:

(a) Requerimiento de admisión.

[…]

Cada materia sobre la cual se requiera una admisión deberá formularse por separado. Todas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, **a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante una moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia. A menos que el tribunal acorte el término, una parte demandada no estará obligada a notificar contestaciones u objeciones antes de transcurridos veinte (20) días a partir de haberle sido entregada copia de la demanda y el emplazamiento.** En este caso se debe apercibir a la parte demandada en el requerimiento que de no contestarlo en el término dispuesto se entenderá admitido. Si se objeta el requerimiento de admisión, deberán hacerse constar las razones para ello. […]

[…]

Según expuesto, la norma impone que la parte interpelada conteste el requerimiento cursado bajo juramento, admitiendo o negando lo inquirido, en un término mandatorio de 20 días. De incumplirse con dicho término se tendrá por admitido el requerimiento, relevando así a la parte adversa de tener que presentar prueba en el juicio sobre el particular. *Rivera Prudencio v. Mun. de San Juan,* supra, a las págs. 171 y 174.

Ahora bien, es importante recalcar que las disposiciones de la Regla 33 de Procedimiento Civil son mandatorias, no meramente directivas, lo que implica que debe haber un cumplimiento sustancial con las mismas. No obstante, al aplicarla e interpretarla no se puede permitir que consideraciones técnicas prevalezcan en detrimento de la justicia sustancial. Véase, Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1.

### III.

En esencia, la parte peticionaria aduce que el Tribunal de Primera Instancia se equivocó al concederle a la parte recurrida una prórroga para contestar los requerimientos de admisiones.

A poco examinar la decisión interlocutoria objeto de revisión, nos percatamos que esta no se encuentra dentro del espectro de disposiciones revisables por la vía del recurso de *certiorari* al amparo de la Regla 52.1 de Procedimiento Civil, *supra,* a los fines de intervenir con la concesión una prórroga y, por ende, en el manejo del descubrimiento de prueba que realiza el foro primario.[2] Tampoco refleja una situación excepcional, ni la parte peticionaria nos colocó en posición de establecer que la falta de nuestra intervención ocasionaría un fracaso de la justicia.

Del tracto procesal de la causa que nos ocupa resulta necesario resaltar que la abogada de la parte recurrida solicitó la prórroga oportunamente, entiéndase un día antes que venciera el término de cumplimiento estricto de 20 días para contestar los

---

[2] Recordemos que los tribunales tienen el deber de asumir un rol activo desde el albor del pleito, por lo que es recomendable que en la etapa del descubrimiento de prueba también intervengan y encaucen el mismo, toda vez que con ello se garantiza un proceso judicial justo, rápido y económico. *Lluch v. España Service Sta.,* 117 DPR 729, 744 (1986). Así, los foros primarios gozan de amplia discreción para regular el descubrimiento de prueba, por lo que los foros apelativos no deben intervenir con dicha discreción, salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 672-673 (2021); *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022), citando a *Lluch v. España Service Sta.*, supra, pág. 745.

requerimientos de admisiones.[3] En su comparecencia, esta explicó las razones para solicitar el aplazamiento, las cuales, el foro *a quo*, ente llamado a justipreciar las alegaciones y el derecho aplicable en cada caso que se le presente, entendió que constituyeron justa causa.

A raíz de lo anterior, no se justifica la expedición del auto de *certiorari* solicitado por la parte peticionaria.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] El foro adjudicativo tiene discreción para extender un término de cumplimiento estricto solo cuando la parte que lo solicita demuestra justa causa para la tardanza. Al ser así, **se le requiere a quien solicita la prórroga o a quien actúe fuera del término que presente justa causa por la cual no puede o pudo cumplir con el término establecido**. La justa causa se acredita mediante explicaciones concretas y particulares que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora. **La existencia de justa causa es un elemento que ha de evaluarse caso a caso**. (Énfasis nuestro). *Rivera Marcucci et. al. v. Suiza Dairy*, 196 DPR 157, 171-172 (2016); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92-93 (2013).